IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

TERRANCE DAVIS                                                                                      PLAINTIFF

v.                                                                                             No. 4:06CV44-P-A

COMMISSIONER EPPS, ET AL.                                                                   DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Terrance Davis, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

The plaintiff has applied for Social Security benefits and for vocational rehabilitation training. He has been rejected for both because he is incarcerated. He has requested from various defendants to be placed on the "Pre-Release" program in an effort to secure Social Security benefits and vocational rehabilitation training. He has not, as yet, been placed on the "Pre-Release" program.

### Discussion

As an initial matter, prison officials do not decide whether inmates receive Social Security benefits or vocational rehabilitation. As such, any claim the plaintiff asserts against the Mississippi Department of Corrections defendants regarding Social Security or vocational rehabilitation must be dismissed.

The plaintiff's challenge to his classification must fail, as well. Inmates have neither a protectable property or liberty interest to any particular housing assignment or custodial classification, either under the United States Constitution or under Mississippi law. *Hewitt v. Helms*, 450 U.S. 460, 468 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995); *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); MISS. CODE ANN. § § 47-5-99 to -103 (1993). Prisoner classification is a matter squarely within the "broad discretion" of prison officials, "free from judicial intervention" except in extreme circumstances. *McCord*, 910 F.2d at 1250 (citations omitted). The plaintiff has not set forth any set of facts justifying judicial intervention. As such, the instant case shall be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 28th day of April, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE